Malhame & Co. *v.* United States

**No. 7688.**—Invoices dated Antwerp, Belgium, September 10, 1930, etc. Certified September 12, 1930, etc. Entered at New York, N. Y., September 26, 1930, etc. Entry No. 749718, etc.

(Decided March 18, 1949)

*Sharretts & Hillis* (*Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Tilson, Judge: The appeals listed in schedule "A", hereto attached and made a part hereof, were at the trial consolidated with a number of other appeals, the initial number being 98115–A. The merchandise covered by appeal No. 98115–A, etc., consists of leather-

bound prayer books, while the merchandise covered by the instant appeals consists of cloth-bound prayer books.

At the trial the following colloquy took place:

MR. CARTER: In view of the decision in the *Malhame* case already cited [24 C. C. P. A. 448], we have offered no proof covering the cloth bound books and I think in the state of the record, we are prepared to submit as to the cloth bound books.

\* \* \* \* \* \* \*

MR. CARTER: We make no claim as to the cloth bound books. We limit our claim to the leather bound prayer books.

JUDGE LAWRENCE: In substance, then, the cloth bound books are abandoned?

MR. CARTER: That is correct.

In view of the state of the record, as above indicated, no reason appears. why the appeals covering only cloth-bound prayer books should remain consolidated with the appeals covering only leather-bound prayer books. I am therefore at this time withdrawing all the appeals covering only cloth-bound books from the consolidation and am disposing of them separate and apart from the appeals which cover only leather-bound prayer books.

An examination of the official record in each of the appeals listed in said schedule "A" discloses no reason which would warrant me in disturbing the presumptively correct values found by the appraiser. I therefore find the proper dutiable values of the merchandise covered by the appeals listed in said schedule to be the values found by the appraiser in each appeal. Judgment will be rendered accordingly.